IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LINDA JOHNSTONE and L.D. by and through her mother, LINDA JOHNSTONE, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>        Defendant. | Case No. 1:22-cv-1111 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

      Plaintiffs move for leave to amend the Complaint to add an additional class claim in this putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This motion is made pursuant to Fed. R. Civ. P. 15(a)(2) and is in the interest of judicial economy as Plaintiffs are simply seeking to add an additional class claim for violations of the "Do Not Call" provisions of the TCPA. The calling records that Defendant have only recently produced were examined by Plaintiffs' expert who was able to ascertain that a class claim can be established on behalf of the consumers who are associated with the 82,448 phone numbers that were listed on the federal "Do Not Call" registry to whom Defendant places 484,788 calls in violation of the TCPA. Plaintiffs' second amended complaint contains no new factual allegations but simply adds additional legal claims on behalf of the putative class and the factual underpinning required for that claim.

      In further support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed this action on June 23, 2022, alleging that Defendant CrossCountry Mortgage, LLC ("CrossCountry") violated the TCPA because it sent pre-recorded telemarketing calls without consent.

2. Beginning on January 24, 2023, the parties engaged in a bifurcated discovery period regarding Plaintiffs' individual claims. (*See* Doc. 22.)

3. During that bifurcated discovery period, Plaintiffs learned that CrossCountry's records indicate that it made two calls to the Plaintiffs' telephone line.

4. On June 9, 2023, Plaintiffs were granted leave to file an Amended Complaint.

5. Plaintiffs originally served written discovery requests on September 21, 2022, seeking information regarding CrossCountry's calling campaigns to Plaintiffs and the putative class.

6. CrossCountry did not provide any substantive responses to the class discovery requests until November 17, 2023 and did not produce any responsive documents related to those class discovery requests until November 22, 2023.

7. CrossCountry has continued to produce responsive documents as recently as December 14, 2023 and has indicated additional responsive documents are still to be produced.

8. Indeed, Plaintiffs subpoenaed the dialing company for CrossCountry, and they indicated that they were still working with the CrossCountry to gather responsive calling record documents.

9. On December 20, 2023, Plaintiffs served on CrossCountry the expert report prepared by Aaron Woolfson based on the calling records produced in the case to date in which Mr. Wolfson concluded that CrossCountry had made 484,788 calls to 82,488 numbers on the Do Not Call list. (*See* Expert Report of Aaron Woolfson, attached hereto as Exhibit A.)

10. Moreover, discovery has revealed that CrossCountry purchased Plaintiffs' consumer data from iLeads.com, LLC ("iLeads").

11. iLeads has provided consumer data for telemarketing in other actions that have ended in substantial awards for consumers following allegations of improper telemarketing. *See Taylor v. Cardinal Financial Company, Limited Partnership*, No. 21-cv-2744 (M.D. Fla.) (TCPA and state law related class action resolved for $7,200,000 for a class of 141,049 individuals provided by iLeads.com, LLC).

12. Indeed, the individual that iLeads associated with the Plaintiffs' telephone number has no relationship with Plaintiffs or their family. The scope of the calls to numbers listed on the "Do Not Call" registry indicates a pervasive and widespread issue with the iLeads data CrossCountry relied in for its telemarketing.

13. Plaintiffs have prepared a proposed Second Amended Complaint, which is attached as Exhibit B.

14. This motion is made pursuant to Fed. R. Civ. P. 15(a)(2), which requires that "The court should freely give leave when justice so requires." Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." *See Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004). Whether this is an instance where "justice so requires" is a question "committed to the district court's sound discretion." *See Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted).

15. Justice requires amendment here because Plaintiffs should be entitled to assert all potential claims for members of the putative class, including those for DNC violations that were only able to be confirmed recently based on calling records produced by the Defendant within

2

the last 30 days.  Judicial economy will also be accomplished because Plaintiffs and the putative class are better served proceeding in this matter rather than needing to initiate a new action to include these DNC claims which are based on the same core facts that are already contained in the current Amended Complaint.

16.	There is also no prejudice to CrossCountry.  CrossCountry only recently produced the documents regarding its calling activities in relation to the class and is still in the process of producing documents responsive to discovery requests served by Plaintiffs more than a year ago. And CrossCountry's 30(b)(6) witness has still not been deposed so that any additional issues or questions related to the additional DNC claim can still be addressed at that deposition without any wasted time or resources.

17.	Plaintiffs informed Defendant of their intent to file this Motion for Leave on December 20, 2023 but have not yet received a response setting forth Defendant's position on this Motion.

WHEREFORE, Plaintiffs request that their motion for leave to file the Second Amended Complaint be granted.

Dated: December 22, 2023		Respectfully submitted,

/s/ Brian K. Murphy
Brian K. Murphy (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
            misny@mmmb.com

3

        Anthony Paronich (admitted *pro hac vice*)
        Paronich Law, P.C.
        350 Lincoln St, Suite 2400
        Hingham, MA 02043
        Phone: 617.485.0018
        Fax: 508.318.8100
        E-mail: anthony@paronichlaw.com

        Charlotte Fernee Kelly (admitted *pro hac vice*)
        Fernee Kelly Law
        1228 E. 7th Ave., Suite 200
        Tampa, FL 33605
        Telephone: 813.315.3981
        E-mail: charlotte@ferneekellylaw.com

        Brian T. Giles (0072806)
        The Law Offices of Brian T. Giles
        1470 Apple Hill Road
        Cincinnati, OH 45230
        Telephone: 513.379.2715
        E-mail: Brian@GilesFirm.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of April, 2023, I electronically filed the foregoing with the Clerk of Courts via the CM/ECF System, which will send notification of such filing to all counsel of record.

        **/s/ Brian K. Murphy**
        Brian K. Murphy (0070654)