# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LINDA JOHNSTONE and L.D., by and through her mother, LINDA JOHNSTONE, individually and on behalf of a class of all persons and entities similarly situated, | : : : : : | Case No. 1:22-cv-01111-BMB <br><br> Judge Bridget Meehan Brennan |
| Plaintiffs, | : : | |
| v. | : : | |
| CROSSCOUNTRY MORTGAGE, LLC, | : : | |
| Defendant. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The reasons for allowing Plaintiffs to amend set forth in Plaintiffs' Motion constitute good cause to grant leave to amend under Rules 15 and 16. Despite Plaintiffs' diligence throughout this litigation, Plaintiffs did not receive the class calling records on which the amendment is based until November 22, 2023, and Plaintiffs' expert's analysis of those records demonstrating the vast scope of Defendant CrossCountry Mortgage, LLC's ("CrossCountry's") calling of persons on the National Do Not Call Registry was not completed until midway through the following month. This delay was through no fault of Plaintiffs'. A discovery request for this information was served September 21, 2022 and should have been responded to within 30 days of Phase II discovery beginning after June 1, 2023 after CrossCountry failed to file a dispositive motion on Plaintiffs' purported consent by its deadline despite having requested that class discovery be put on hold so that it could do so. (*See* Doc. 15-1.)

It is true that Plaintiffs were previously aware that the phone number at issue was on the National Do Not Call Registry, but at the time the original Complaint was filed, Plaintiffs did not

1

know that they received more than one call, a prerequisite to bringing a claim for violation of the TCPA's Do Not Call Provisions.  *See* 47 U.S.C. § 227(c)(5).  That was not revealed until CrossCountry produced a record of a second call in discovery.

While Plaintiff Johnstone has amended her Complaint once after the time the second call was disclosed, that amendment was prompted by CrossCountry's outcry that the owner of the phone line, Plaintiff Johnstone, bringing the claim rather than her minor daughter necessitated an "emergency motion to dismiss" for lack of jurisdiction.  The purpose of seeking to file that limited amendment in response to the emergency motion was to clear up the factual underpinnings of the current claim by adding the daughter, L.D., as a party and making clear that she physically answered the phone while her mother owned the phone line.  While Plaintiffs included the newly discovered fact about receiving two calls in this pleading, they did so because it was relevant to the Court's Article III standing inquiry, as CrossCountry had argued (despite knowing of the two calls) in a Motion for Judgment on the Pleadings as well as in its Emergency Motion to Dismiss that a single call does not give rise to Article III standing to pursue a pre-recorded call claim.  (*See* Doc. 24-1 pp. 6-7, Doc. 32-1 pp. 1-2, 7.)  At the time the Amended Complaint was filed, Plaintiffs had no knowledge of the scope of CrossCountry's calling of persons on the National Do Not Call Registry or of its practices with respect to the Registry other than a general understanding from CrossCountry's production of documents that CrossCountry subscribed to it.  Plaintiffs were focused on clarifying the allegations in the current claim so that Phase I could proceed with CrossCountry filing the dispositive motion it said it was going to file on Plaintiffs' purported consent—the entire basis for the request to bifurcate discovery—and the case could then proceed to Phase II once the consent issue was resolved as contemplated by the Court's Scheduling Order (Doc. 23).  Once Phase II proceeded after no dispositive motion was

filed on consent or on any issue, Plaintiffs acted quickly to move to amend after they obtained and analyzed class calling records which revealed 484,788 calls to 82,488 numbers on the National Do Not Call Registry—representing calls to leads obtained from iLeads' data alone. This indicates a widespread issue deserving of class treatment.

CrossCountry rehashes old arguments about a lack of clarity in drafting Plaintiff Johnstone's original Complaint, but that has nothing to do with lack of diligence, as not even CrossCountry contends Plaintiff drafted the Complaint so as to delay the litigation. CrossCountry has not and cannot show that Plaintiffs have been at all dilatory throughout the litigation.  To the contrary, they have consistently sought to move the case forward.

Part of the good cause inquiry is possible prejudice to CrossCountry, which is minimal here.  Indeed, the amendment is being sought in the interest of judicial economy.  It is more efficient for the Do Not Call claims to be adjudicated in this matter as opposed to needing to file a new case to assert those claims.  For that reason, rather than being prejudiced, CrossCountry should welcome the amendment.  The additional discovery that will be needed on the Do Not Call claims is minimal.  It is hard to imagine any additional discovery CrossCountry would need from Plaintiffs and CrossCountry does not identify any, but Plaintiffs would certainly afford CrossCountry that opportunity.  From Plaintiffs' perspective, Plaintiffs would need to understand CrossCountry's procedures to avoid calling individuals on the National Do Not Call Registry and if CrossCountry contends it had an established business relationship with any class members despite CrossCountry purchasing that data from a third party, iLeads.  CrossCountry's consent defense for both claims will rely on the exact same evidence already produced.  Plaintiffs have not yet taken CrossCountry's 30(b)(6) deposition on classwide issues due to CrossCountry's production not being complete, as CrossCountry is still working with its vendor, Five9, to

3

provide evidence of which calls played a pre-recorded message. If Plaintiffs are allowed to amend, they could add a few (most likely more than two topics would not be needed) topics to the 30(b)(6) notice and take the deposition of CrossCountry's representative on pre-recorded call and Do Not Call issues at the same time. No witnesses will need to be deposed twice. Indeed, there are no new or changed facts in the proposed Second Amended Complaint as they relate to Plaintiffs, only legal explanations of the Do Not Call claim. For this same reason, responding to the amended pleading will only require minimal effort.

As such, this case is a far cry from the more substantial prejudice and extreme facts present in CrossCountry's case law. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (opposing party already moved for summary judgment, and discovery and dispositive motions deadlines had already passed); *Russel v. City of Bellevue*, No. 3:20 CV 2859, 2021 U.S. Dist. LEXIS 73491, at *8-10 (N.D. Ohio Apr. 16, 2021) (the plaintiff intentionally waited for motion for judgment on the pleadings to be filed to, as counsel admitted, attempt to "amend around" the motion, which the court found was a transparent litigation tactic); *Marinkovic v. Hazelwood*, No. 1:20-cv-1485, 2023 U.S. Dist. LEXIS 77262, at *5-7 (N.D. Ohio Feb. 15, 2023) (finding "Plaintiff's only reason for amending this complaint is that he wants a third bite at the apple — only this time with the Court's dismissal Order as a guidepost. This reason is insufficient to establish good cause" and that the nonmoving parties would experience prejudice because the case was already over two and a half years old and there would need to be additional motion practice and discovery and certain defendants would have to be dragged back into the case after being dismissed months earlier); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879-880 (6th Cir. 2020) (finding there was prejudice in that the plaintiffs sought to rejoin parties against whom all claims had been dismissed a year before, new depositions of individuals who

had already been deposed would be required, and there would be delay from allowing the previously dismissed parties' attorneys to familiarize themselves with the record); *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003) (the plaintiffs were aware of the basis for the amendment but did not pursue it until after it was brought to their attention by summary judgment motion, the amendment re-casted current claims under a different legal theory, and discovery would have to be reopened *years* after it was closed); *Desai v. Geico Cas. Co.*, No. 1:19-cv-2327, 2021 U.S. Dist. LEXIS 32362, at *6-8 (rejecting plaintiff's argument he didn't assert the claim earlier because he did not want to plead inconsistent claims because the Civil Rules allow pleading in the alternative and finding the plaintiff merely sought an advisory opinion from the court by stating he would seek leave to amend in briefing the defendant's motion to dismiss and that there would be prejudice because an additional round of briefing on the amended pleading would be required along with more discovery); *Welch v. United States*, No. 1:20-cv-00065, 2021 U.S. Dist. LEXIS 1897, at *2-3 (N.D. Ohio Jan 6, 2021) (leave to file a fourth amended complaint denied, with the court explaining: "the Court [ ] notes that Plaintiff has already amended three times. This is not a case where there has not been an opportunity to cure any deficiencies in the pleadings. At some point, however, the schedule must hold and the pleadings are closed."); *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536-38 (6th Cir. 2008) ("Litigants … do not have an unqualified right to assert known but previously unarticulated matters in order to revive dismissed claims. At the end of the day, this dispute turns on an alleged 15-year-old oral agreement and, up to now, has featured three complaints, several rounds of briefing and a six-day jury trial. The district court permissibly exercised its discretion in deciding that it was time to put the lawsuit to rest.") (internal quotation marks omitted).

While this case was filed June 23, 2022, it is not so old as to cause CrossCountry prejudice if it extends a few more months in order to resolve the Do Not Call claim it would face anyway here and now.  And, Plaintiffs could have obtained the class calling data much earlier in October 2022, as opposed to November 2023, if CrossCountry did not make Plaintiffs wait for a dispositive motion that never came to fruition.

Plaintiffs' diligence and the lack of prejudice to CrossCountry provide good cause for the amendment, and Plaintiffs should be allowed to file in the spirit of Rule 15.

Dated: January 12, 2024  Respectfully submitted,

**/s/ Jonathan P. Misny**
Brian K. Murphy (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
           misny@mmmb.com

Anthony Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: 617.485.0018
Fax: 508.318.8100
E-mail: anthony@paronichlaw.com

Charlotte Fernee Kelly (admitted *pro hac vice*)
Fernee Kelly Law
1228 E. 7th Ave., Suite 200
Tampa, FL 33605
Telephone: 813.315.3981
E-mail: charlotte@ferneekellylaw.com

6

>Brian T. Giles (0072806)
>The Law Offices of Brian T. Giles
>1470 Apple Hill Road
>Cincinnati, OH 45230
>Telephone: 513.379.2715
>E-mail: Brian@GilesFirm.com
>
>*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that on January 12, 2024, I electronically filed the foregoing with the Clerk of Courts via the CM/ECF System, which will send notification of such filing to all counsel of record.

>**/s/ Jonathan P. Misny**
>Jonathan P. Misny (0090673)