UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINDA JOHNSTONE and L.D., *by and through her mother*, LINDA JOHNSTONE, *individually and on behalf of all persons and entities similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>    Defendant. | CASE NO.: 1:22-cv-01111<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**OPINION AND ORDER** |

Before the Court is Defendant CrossCountry Mortgage, LLC's Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, *et. seq.* (Doc. 86.)[1] The Bill of Costs is supported by the declaration of Thomas P. Cialino, attesting that these expenses "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (*Id.*)  Plaintiffs did not file an objection.

The above-captioned case was decided in favor of Defendant on summary judgment. (Docs. 84, 85.)  Defendant now seeks $2,048.00 in fees for service of summons and subpoena; $8,654.93 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case; and $80 in fees for witnesses. (Doc. 86.)  The total of all costs sought equals $10,782.93.  (*Id.*)

---

[1] While Defendant submitted a Bill of Costs, rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment.  *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 418-19 (6th Cir. 2005), ("the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk"), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012).

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).  The unsuccessful party bears the burden of overcoming this presumption.  *White & White, Inc.*, 786 F.2d at 732. The presumption only applies to those costs authorized under 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 295 (6th Cir. 2015).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Where costs are allowed, "the Court must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' . . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) (citations omitted).  "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (U.S. 1964).

Under § 1920(1), the "fees of the clerk and marshal" may be taxed.  Where the party seeking costs used a private process server, the costs cannot exceed what the U.S. Marshal

Service ("USMS") would charge to serve the subpoena.  *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 202-03 (6th Cir. 2002).  Per 28 C.F.R. § 0.114, the USMS service fees are "$65 per hour (or portion thereof) for each item served by one USMS employee, agent, or contractor, plus costs and any other out-of-pocket expenses."  Here, Defendant seeks $2,048 in fees for the service of four subpoenas.  (Doc. 86; Doc. 86-1 at 4817.)[2]  Defendant's itemization of subpoena fees provides only the total dollar amount for each subpoena.  (*Id.*)  Defendant did not include any invoices or information on whether these subpoenas were served by the USMS or private process server, the hourly rate, or any other detail to support the amounts requested.  The Court cannot determine whether these subpoena costs are reasonable because they are not properly supported.  Notwithstanding no objection from Plaintiffs, Defendant's request for $2,048 in fees for subpoena service is denied.

As stated above, a court may tax a party for "fees for printed or electronically recorded transcripts necessarily obtained for use in this case ...." 28 U.S.C. § 1920(2).  "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party."  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  Defendant relied on the listed deposition transcripts during summary judgment and class certification briefing.  (*See* Docs. 58, 65, 80; Doc. 86-2 at 4819.)  Notwithstanding the absence of an objection from Plaintiffs, the Court finds the deposition transcripts were necessarily obtained for use in this case and the fees are reasonable.  (Doc. 86-2 at 4819.)  Accordingly, Plaintiffs are taxed $8,654.93 for the deposition transcript fees.

The prevailing party may also recover fees for witnesses under 28 U.S.C. § 1920(3).

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Defendant seeks $80 in witness fees pursuant to 28 U.S.C. §1821 for James Berger's two-day deposition attendance.  (Doc. 86 at 4815.)  James Berger is an employee of Defendant.  (*See* Docs. 58-14, 65-3.)  "Courts commonly award witness fees for employee-witnesses, so long as such witnesses did not appear as representatives of a party-company." *True N. Energy, LLC v. Chi. Title Ins. Co.*, No. 3:10 CV 1100, 2011 WL 5362063, at *5, 2011 U.S. Dist. LEXIS 125234 (N.D. Ohio Oct. 27, 2011) (citing *Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library*, Case No. 1:99 CV 1701, 2007 WL 963320, at *9-10, 2007 U.S. Dist. LEXIS 22528 (N.D. Ohio Mar. 28, 2007)).  Mr. Berger testified at both depositions as Defendant CrossCountry Mortgage, LLC's representative.  (*See* Doc. 58-2 at ¶¶ 12, 14.)  Notwithstanding Plaintiffs' lack of objection, Defendant's request for $80 in witness fees for Mr. Berger's deposition attendance is denied.

For the reasons stated above, the costs related to deposition transcripts were necessary and reasonable.  Accordingly, Defendant's Bill of Costs is APPROVED in part and DENIED in part.  (Doc. 86.)  Costs in the amount of $8,654.93 are hereby taxed to Plaintiffs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  The costs are to be included in the judgment previously issued on January 14, 2025.  (Docs. 84, 85.)

**IT IS SO ORDERED.**

**Date**:  June 27, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE